872 F.2d 420
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas Henry THORNTON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas Henry THORNTON, Defendant-Appellant.
 Nos. 88-7547, 88-7548.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 27, 1988.
Decided March 23, 1989.
 
 Douglas Henry Thornton, appellant pro se.
 Breckinridge Long Willcox, Office of the U.S. Attorney, for appellee.
 Before WIDENER, K.K. HALL, and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Douglas H. Thornton, a federal inmate, appeals from the dismissal of two motions for postconviction relief brought pursuant to 28 U.S.C. Sec. 2255. The first motion was dismissed by memorandum order filed November 5, 1986. The second motion was summarily dismissed pursuant to Rule 4(b), Rules Governing Sec. 2255 Proceedings, by margin order on November 6, 1987. We dismiss the appeal from the order denying the first Sec. 2255 motion for lack of jurisdiction. We vacate the denial of the second Sec. 2255 motion for lack of a record enabling us to conduct appellate review.
 
 
 2
 On November 5, 1986, the district court denied Thornton's motion for postconviction relief brought pursuant to 28 U.S.C. Sec. 2255. In a paper titled "Motion to Modified Relief," dated November 3, 1987, and received in the Court of Appeals on November 10, 1987, Thornton appears to request an appeal from the district court's order denying his first Sec. 2255 motion. The "Motion to Modified Relief" was forwarded to the district court, where it was construed as a motion for reconsideration, pursuant to Fed.R.Civ.P. 59, and denied by margin order entered December 17, 1987. Thornton filed a timely appeal from this December 17 order.
 
 
 3
 The district court properly denied relief under Rule 59 because the motion was not served within 10 days of judgment as required by that Rule. Construed as a motion under Fed.R.Civ.P. 60(b), the motion was also properly denied. The motion offered no reason under that Rule for vacating a judgment entered over a year earlier.
 
 
 4
 To the extent that the "Motion to Modified Relief" is treated as a notice of appeal from the denial of the first Sec. 2255 motion, it is untimely, having been filed outside the 60-day appeal period established by Fed.R.App.P. 4(a)(1). The time periods established by this rule are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Thornton's failure to note a timely appeal deprives this Court of jurisdiction to review the district court's denial of Thornton's first Sec. 2255 motion. We, therefore, dismiss the appeal in No. 88-7547.
 
 
 5
 The record in No. 88-7548 consists only of the first page of the form provided to federal inmates for filing Sec. 2255 motions, containing the instructions for preparing such motions. In the margin of this instruction page the following order appears: "Motion read, considered, and denied pursuant to Rule 4(b), Rules Governing Sec. 2255 Proceedings. It plainly appears from the face of the motion that movant is entitled to no relief in this Court under Sec. 2255." The margin order is signed by a district judge and dated November 6, 1987. Repeated efforts by the Clerk's Office of the United States District Court to locate the original Sec. 2255 motion containing Thornton's allegations have been fruitless. We are unable, therefore, to determine whether the district court's summary dismissal of this second Sec. 2255 motion was proper. Consequently, we are constrained to vacate the order dismissing this Sec. 2255 motion and remand the case for further proceedings. On remand the district court shall forward to Thornton a new set of Sec. 2255 forms with instructions for Thornton to resubmit his application for postconviction relief. Once the motion has been resubmitted and ruled on by the district court, should Thornton desire to appeal and file a timely notice of appeal, this Court will have a record adequate for appellate review.
 
 
 6
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 No. 88-7547--DISMISSED.
 
 
 8
 No. 88-7548--VACATED AND REMANDED.